NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
VICTORIA A. DEGTYAREVA (Cal. Bar No. 284199)
Assistant United States Attorney
OCDETF Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-7635
    Facsimile: (213) 894-0142
    E-mail: Victoria.Degtyareva@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>SLAVCO IGNJATOV, et al.,<br><br>    Defendants. | Case Number: ED CR 17-222(A)-JGB<br><br>**DECLARATION OF ASSISTANT DIRECTOR MATTHEW C. ALLEN** |

I, Matthew C. Allen, declare as follows:

1. I am the Assistant Director (AD) for the Domestic Operations Division within the U.S. Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement's (ICE) Homeland Security Investigations (HSI). I have occupied this position since 2018. From 2007 to 2008, I was the Deputy Assistant Director (DAD) of the Narcotics, Financial and Public Safety Division. From 2006 to 2007 I was the DAD and acting DAD for the Critical Infrastructure and Fraud Division in the ICE, Office of Investigations. Before that position, I served as

Headquarters Unit Chief for the Contraband Smuggling Unit and previously served as the Resident Agent in Charge in Nogales, Arizona, where I was responsible for managing ICE's investigative activities within the Nogales geographic area.

2. In my current position, I am responsible for managing, directing and coordinating all investigative activities of the various domestic field offices. These responsibilities include ensuring implementation and adherence to policies, procedures, guidelines, and directives governing investigative activities. The Domestic Operations Division ensures the implementation of investigative activities and programs in conformance with HSI's national priorities. The Division is also responsible for monitoring and evaluating productivity of the various field offices and ensuring prompt communication of significant activity from field components to appropriate headquarters management.

3. I am aware of the proceedings and underlying investigation associated with the above-captioned case. I submit this declaration to describe HSI's longstanding practices and procedures on the use of GPS tracking devices in HSI investigations. The statements I make herein are based on my personal knowledge and on facts and information provided to me in the course of my official duties.

4. HSI exercises its border-search authority for the purpose of protecting national security and revenue of the United States. Pursuant to this authority, it is HSI's policy that a customs officer may install a GPS tracking device on a vehicle at the United States border without a warrant or individualized suspicion. HSI limits warrantless GPS monitoring to 48 hours, with the exception of airplanes, commercial vehicles, and semi-tractor trailers, which have a significantly reduced expectation of privacy in the location of their vehicles. It is HSI's position that such policy is consistent with the U.S. Supreme Court's decisions in *United States v. Jones*, 565 U.S. 400 (2012), and *United States v. Flores-Montano*, 541 U.S. 149 (2004).

5. HSI's position on the use of GPS tracking devices was developed, in consultation with the Department of Justice, in response to the 2012 *Jones* decision, and is found in HSI

policies and procedures, as well as trainings regularly provided to HSI personnel, all of which were in place throughout the pendency of this case and the underlying investigation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on September 24, 2018.

_____
Matthew C. Allen