MARILYN E. BEDNARSKI (SBN 105322)
E-Mail: mbednarski@kmbllaw.com
Kaye, McLane, Bednarski & Litt, LLP
234 Colorado Blvd., Suite 230
Pasadena, California 91101
Telephone: (626) 844-7660
Fax: (626) 844-7670

Attorneys for Defendant HRISTOVSKI

STEVEN F. GRUEL (SBN 213148)
E-Mail: attystevengruel@sbcglobal.net
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone:  (415) 989-1253
Fax: (415) 449-3622

Attorney for Defendant IGNJATOV

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SLAVCO IGNJATOV,<br><br>Defendants. | CASE NO. ED CR 17-222(A)-JGB<br><br>(Honorable Jesus G. Bernal)<br><br>OPPOSITION TO GOVERNMENT'S MOTION TO AMEND THE COURT'S AUGUST 24, 2018 ORDER SUPPRESSING GPS EVIDENCE<br><br>Hearing Date: Nov. 5, 2018<br>Hearing Time: 2:00 p.m. |

1

Defendants IGNJATOV and HRISTOVSKI by and through their respective counsel of record Steven F. Gruel and Marilyn E. Bednarski hereby file their joint Opposition to Government's Motion To Amend The Court's August 24, 2018 Order Suppressing GPS Evidence Dkt. No. 121.

The Defendants do not believe a hearing is necessary.

Dated: Oct. 5, 2018        Respectfully submitted,

By, __/S/ Steven F. Gruel_____
STEVEN F. GRUEL
Attorney for Defendant IGNJATOV


By, __/S/ Marilyn E. Bednarski__
MARILYN E. BEDNARSKI
Attorney for Defendant HRISTOVSKI

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY OF OPPOSITION

The Defendants jointly oppose the government's motion to amend for legal and procedural reasons and because of the policy implications of such a position.

## II. PROCEDURAL BACKGROUND

Prior to the Court issuing its decision, the suppression issues were all fully litigated with declarations, testimony[1], presentation of exhibits and multiple pre-hearing and post-hearing briefs.  Both sides chose how to litigate the issues raised including the attenuation exception, which was fully and fairly litigated.  The Defendants' filed their Joint Motion to Suppress on May 11, 2018. Dkt No. 86. The government first raised and briefed the attenuation exception in its Opposition filed May 21; specifically arguing what it is now rearguing: that the agents were relying on what HSI agents told them was border policy.  Opposition, Dkt. No. 87 at p. 15, 18: 11-16.

There was oral argument at which time both parties argued the legal factors applicable to the attenuation doctrine.  July 9, 2018 at 107 et. seq.  The government also led off oral argument arguing for attenuation.  July 9, 2018 RT 107:22.  Both parties submitted supplemental briefing arguing whether the facts did or did not support the attenuation doctrine.  Def. Joint Supp. Brief Dkt. 117; Govt. Supp. Brief Dkt. No. 116.

---

[1]  The government presented declarants Detective Mkrtchyan and Agent Monroe and they were extensively examined.  At the end of the second day of evidence, this Court asked if there were any other witnesses and the government did not have any. (Ct: Any other witnesses? (July 9, 2018 RT106:4) Ct: "Aside from that testimony or stipulation any other witnesses?  Bednarski: Not from the defense. AUSA Degtyareva: No, your honor." (July 9, 2018 RT 107:2-5).

3

The motion to amend while not asking for reconsideration of the court's ruling is in the nature of a motion for reconsideration. Local Rule 7-18 sets forth multiple factors for when reconsideration is appropriate, none of which are present here:  As proven by the facts set forth above at page 3: 7-21: (a) there is no material difference in fact or law that in the exercise of reasonable diligence could not have been known to the government before its decision; (b) there are not new materials facts occurring after the time of the ruling; and (c) this Court did not fail to consider material facts presented before its ruling.  Furthermore, the last sentence of the rule specifically prohibits repetition of argument made in support or opposition to the original motion.  L.R. 7-18.

### III. NO LAW SUPPORTS THE GOVERNMENT'S POSITION WHICH ESSENTIALLY IS TO ALTER A FINAL RULING BECAUSE OF SPECULATIVE POTENTIAL ADVERSE EMPLOYMENT CONSEQUENCES

This Court found the attachment and use of the warrantless GPS units under the facts of this case unlawful and the government elected not to appeal its decision.  Dkt. 123 (Stipulation reflecting decision not to appeal). The government now seeks to alter the Court's correct written legal analysis, and specifically its analysis and opinion addressing one of the attenuation factors, specifically the purpose and flagrancy of the official misconduct. *See*, *Utah v. Strieff*, 136 S.Ct. 2056, 2062 (2016)(when considering whether evidence obtained from official misconduct satisfies the attenuation doctrine; *Brown v. Illinois,* 422 U.S. 590, 604 (1975)(finding officers act with an unlawful purpose when they 'embarked upon this expedition in the hope that something might turn up"). The Court addressed the attenuation factors, applied the facts to the law, and made its findings and conclusions.

### A. The Government Cites No Law To Support its Request Now To Consider Additional Evidence and Alter Its Ruling

The government elected its strategy of litigation, and had multiple opportunities since the suppression motion was first filed May 11, 2018 to present additional evidence and failed to do so. It is inappropriate to now ask this Court to change its ruling. The government cites no law which supports the government's request to alter the final ruling in this case suppressing the GPS evidence because of speculative employment consequences.

### B. The Government's Reasoning, To Avoid Adverse Employment Consequences For The Agents Is Speculative

The government's argument that these agents' careers are impacted by the ruling is speculative. See, Govt. Motion Dkt. 125 at 2 ("in light of the impact of a misconduct finding on their careers, . . ."). The government does not claim any specific impact. Presumably the government is referring to certain reporting requirements concerning these agents' conduct to oversight agencies, or possibly discovery obligations concerning these agents' conduct in other cases. However, those policies and/agency actions are not for this Court to determine.

Furthermore, the government's argument that this Court's findings in paragraph 2 on page 12 of its ruling will "impact" their careers is logically undercut by the government's position in support of these agents that they were merely relying on Homeland Security's national policy, and that if it was flawed, it is not their fault. If that is so, and as indicated here, they have the DOJ's (US Attorney office) support as well as a high ranking Assistant Director at HSI official position (Matthew Allen's declaration), then presumably any relevant disciplinary agency will take that into account, and find that the agents should not be disciplined.

### C. Policy Reasons Weigh Against The Government's Request

Inherent in the government's position is that the federal government appears to have a national, multi-agency policy[2] of warrantless use of GPS devices that this Court's ruling establishes is a violation of the Fourth Amendment. If the federal government does in fact have such a policy and is training law enforcement agents to act as the policy suggests, which is a violation of the 4th amendment, the government *should be* deterred and the agencies' internal policies and training *should be* revealed and scrutinized. Here, the government essentially asks this Court to help hide the conduct which occurred here by changing its written findings of fact and law.

### IV. CONCLUSION

In sum, for the above reasons, the Defendants jointly oppose the government's request to this Court to amend its written decision. Furthermore, defendants do not believe a hearing is necessary.

Dated: Oct. 5, 2018          Respectfully submitted,

By,  /S/ Steven F. Gruel
STEVEN F. GRUEL
Attorney for Defendant IGNJATOV


By,  /S/ Marilyn E. Bednarski
MARILYN E. BEDNARSKI
Attorney for Defendant HRISTOVSKI

---

[2] The government argues in its Motion that what they did was HSI policy developed with the DOJ and that the DOJ does not believe that the Fourth Amendment requires a warrant [in this instance]. Motion, Dkt. 125 at p.6.