```
NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
VICTORIA A. DEGTYAREVA (Cal. Bar No. 284199)
Assistant United States Attorney
OCDETF Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-7635
     Facsimile: (213) 894-0142
     E-mail:    Victoria.Degtyareva@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. ED CR 17-222(A)-JGB |
|---|---|
| Plaintiff, | GOVERNMENT'S REPLY IN SUPPORT OF ITS MOTION TO AMEND THE COURT'S AUGUST 24, 2018 ORDER |
| v. | |
| SLAVCO IGNJATOV, et al., | Hearing Date: November 5, 2018<br>Hearing Time: 2:00 p.m. |
| Defendants. | Location: Courtroom of the Hon. Jesus G. Bernal |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Victoria A. Degtyareva, hereby files its Reply in Support of its Motion to Amend the Court's August 24, 2018 Order (the "Order").

In their opposition to the government's motion, defendants Slavco Ignjatov and Valentino Hristovski ("defendants") contend that the government is asking this Court "to help hide the conduct which occurred here." (Dkt. No. 128 at 6.) That is incorrect. The agents' conduct is fully set forth in the declarations and testimony of the witnesses and in the Court's Order; the government is <u>not</u>

asking for the removal of any of that information.  The government's request pertains only to the Court's finding that the agents' actions constituted misconduct.

Defendants further argue that the government should be deterred from a policy of installing GPS trackers on vehicles at the international border without a warrant.  (Dkt. No. 128 at 6.)  In fact, the Court's suppression of the evidence and the resulting dismissal of the case against these defendants serve as strong deterrents.  It is not necessary to also have misconduct findings against the individual agents who followed that policy.  As the government stated in its motion, if the Court is not inclined to strike the entire finding of misconduct from its Order, the government requests that the Court amend the paragraph on page 12 to state that its finding of "significant government misconduct" was aimed at the government policy as a whole, and it was not a finding that Officer Asatur Mkrtchyan or Special Agent Hannah Monroe acted in bad faith, deliberately, recklessly, or negligently.

Dated: October 9, 2018            Respectfully submitted,

                                  NICOLA T. HANNA
                                  United States Attorney

                                  LAWRENCE S. MIDDLETON
                                  Assistant United States Attorney
                                  Chief, Criminal Division


                                        /s/
                                  VICTORIA A. DEGTYAREVA
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA